United States District Court
Southern District of Texas
**ENTERED**
April 24, 2023
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

| | | |
|---|---|---|
| United States of America, | § | |
| | § | |
| *Plaintiff*, | § | |
| v. | § | Case No. 4:22-cr-618 |
| | § | |
| Albert Coy, | § | |
| | § | |
| *Defendant*. | § | |

## <u>ORDER REVOKING BOND</u>

Pending before the Court is the Government's Petition for Action on Conditions of Pretrial Release, ECF. No. 14. The Court held a video hearing on April 24, 2023. AUSA Zahra Fenelon, Assistant FPD Heather Hughes, and Probation Officer Kimberly Vaults attended the hearing by video. Defendant was present in the courtroom. Based on the filings and evidence presented, the Court finds that Defendant violated conditions of release, and is unlikely to abide by any conditions of release. *See* Bail Reform Act, 18 U.S.C. §§ 3148(b)(1)(B) and (b)(2)(B). The uncontroverted facts at the hearing established the following:

On January 13, 2023, the Court held an initial hearing. In its report, Pretrial Services recommended detention. ECF No. 12 at 9. Despite the recommendation, the Government reached an agreement with Defendant's counsel on conditions of release. As explained at the bond revocation hearing, the underlying federal charges of felon in possession of a firearm are based on state charges that were

pending. Defendant had been released on bond for the state charges. Given there were no violations of his release at that time, the Government agreed to bond.

Defendant was released on conditions that included no new violations of federal, state, or local law while on release.

On February 21, 2023, his probation officer filed a petition for action on conditions of pretrial release, complaining that Defendant had violated the conditions of release. ECF No. 14. At the revocation hearing, PO Vaults reviewed the factual basis supporting the petition. Specifically, Defendant's probation officer stated that, on February 12, 2023, Defendant threatened his girlfriend with a gun. The same day, he fled from a peace officer in a car. Later that day, he was subsequently arrested and charged in Harris County with evading arrest or detention with a motor vehicle, unlawful possession of a firearm by a felon, and aggravated assault of a family member.

The Court also reviewed the PTS report prepared before Defendant's initial appearance. In that report, Defendant's criminal history is detailed. Defendant has been convicted six times for assault, including assault of a family member which included various girlfriends he was dating at the time of each charge. His bond was revoked at least three times on various charges for violating conditions of his release.

Counsel for Defendant stated that Defendant did not contest the charges but

would not admit or deny them since the state charges are still pending. Counsel for the Government and Defendant's Probation Officer both urged the Court to detain Defendant until his next proceeding before Judge Eskridge.

Revocation of supervised release is governed by 18 U.S.C. § 3148. Pursuant to 18 U.S.C. § 3148(b)(1)(B), the court finds by clear and convincing evidence that Defendant has violated the terms of his pretrial release. On the day of his arrest on state charges, he threatened his girlfriend with a firearm, evaded police, and illegally possessed a firearm even though he is prohibited from doing so based on his prior eight felony convictions.

Based on the evidence presented as summarized in this order and as stated on the record, the Court finds, pursuant to 18 U.S.C. § 3148(b)(2)(B), that Defendant is unlikely to abide by any condition or combination of conditions of release. Therefore, the Government's Petition is **GRANTED**, Defendant's bond is hereby **REVOKED** and the Marshal is **ORDERED** to detain Defendant in custody for proceedings before Judge Eskridge.

Signed on April 24, 2023, Houston, Texas.

*Dena Palermo*

**Dena Hanovice Palermo**
**United States Magistrate Judge**